**Electronically Filed
Intermediate Court of Appeals
CAAP-18-0000355
19-JUN-2023
07:48 AM
Dkt. 89 SO**

NO. CAAP-18-0000355

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I


RS, Plaintiff-Appellee,

v.

MS, Defendant-Appellant


APPEAL FROM THE FAMILY COURT OF THE FIRST CIRCUIT
(FC-D No. 97-3891)


SUMMARY DISPOSITION ORDER
(By:  Ginoza, Chief Judge, Nakasone and McCullen, JJ.)

Self-represented Defendant-Appellant MS (**Mother**) appeals from orders entered by the Family Court of the First Circuit (**Family Court**) denying her motion for post-decree relief.[1]  In her appeal, Mother challenges the Family Court's "Order Re: Evidentiary Hearing on Motion for an Order of the Court to Enforce Stipulations of Child Support Against [Plaintiff-Appellee RS (**Father**)] to Continue to Pay for the Child[']s Higher Education" entered on January 16, 2018 (**1/16/18 Order**), and the "Order" entered on April 3, 2018 (**4/3/18 Order**).[2]

---

[1]  The Honorable Gale L.F. Ching presided.

[2]  Mother does not designate the 1/16/18 Order as an order from which an appeal was being taken. See Hawai'i Rules of Appellate Procedure (**HRAP**) Rule 3(c)(2).  However, the Family Court utilized at least two post-judgment orders to adjudicate all of the issues in Mother's motion for post-decree relief, filed on November 17, 2016. Where a party is appealing from a post-judgment
(continued...)

Mother also challenges the "Order Re: Defendant[']s Motion for Contempt of Court Charges Against Plaintiff's Non-Compliance of Court Orders" (**Order Denying Contempt of Court**) entered by the Family Court on February 14, 2018.

Mother contends the Family Court erred by: (1) failing to address her allegations that Father misrepresented his finances to the court, including false representations of his tax statements, assets, and the value of his furniture; (2) denying Mother's motion to hold Father in contempt of court; and (3) failing to address Child's medical deductible in the amount of $4,000 which Mother contends is too high for the insurance Father provides.[3]

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, we resolve Mother's arguments below and affirm.

## I.  Brief Background

Mother does not challenge any particular finding by the Family Court.  The following factual and procedural background is taken from the record and the Family Court's unchallenged Findings of Fact and Conclusions of Law (**FOFs/COLs**) entered on

---

[2](...continued) order, "this court will only consider other orders which were preliminary rulings upon which the subject Order was predicated or were part of the series of orders which collectively led to that Order." Cook v. Surety Life Ins. Co., 79 Hawaiʻi 403, 409, 903 P.2d 708, 714 (App. 1995).

[3]  Mother's opening brief does not comply with HRAP Rule 28, including failure to cite any record references as required by HRAP Rule 28(b)(3), and to set forth where in the record she objected to the Family Court's alleged errors or brought the errors to the court's attention as required by HRAP Rule 28(b)(4). Father argues that Mother's opening brief should thus be deemed frivolous for failing to comply with HRAP Rule 28.  We note that it is difficult to review Mother's assertions on appeal given the deficiencies in her opening brief. However, the Hawaiʻi Supreme Court instructs that pleadings prepared by self-represented litigants should be interpreted liberally, and such parties should not be automatically foreclosed from appellate review because they fail to comply with court rules. Erum v. Llego, 147 Hawaiʻi 368, 380-81, 465 P.3d 815, 827-28 (2020).  We thus address Mother's points and arguments to the extent they can be discerned.

May 30, 2018, with respect to the court's 4/3/18 Order.  The Family Court's unchallenged FOFs are binding on appeal.[4]

On August 4, 1998, the Family Court entered a Divorce Decree,[5] awarding physical custody of Mother and Father's child (**Child**) to Mother.  The Divorce Decree reserved the issue of, *inter alia*, Child's higher education expenses.  The Divorce Decree also required Father to provide health insurance coverage for Child and ordered child support payments commencing in August 1998.  The amount of child support has fluctuated over the years and has been at $428 per month since 2012.

Father has since remarried and currently resides in Pennsylvania with his wife and teenage son from that marriage.

On November 17, 2016, Mother filed a "Motion for an Order of the Court to Enforce Stipulations of Child Support Against [Father] to Continue to Pay for the Child[']s Higher Education" (**Mother's Post-Decree Motion**).  At that time, Child was eighteen years old.

After a hearing on Mother's Post-Decree Motion in January 2017, the Family Court issued an Order setting the matter for an evidentiary hearing and delineating, *inter alia*, the following disputed issues:

> (a) Whether the Court will Order and [sic] audit of [Father's] individual income tax returns;
>
> . . .
>
> (e) Whether the adult child's healthcare insurance is adequate that [Father] provides;
>
> (f) Reimbursement of medical insurance paid by [Mother] for the child, if any; and
>
> (g) Reimbursement of the child's co-payments for unreimbursed or uncovered dental expenses and medical expenses.

---

[4]  Unchallenged findings of fact are binding on appeal. In re Doe, 99 Hawaiʻi 522, 538, 57 P.3d 447, 463 (2002).

[5]  The Honorable Kenneth E. Enright presided.

The evidentiary hearing was conducted on July 26, 2017, and completed on October 31, 2017.

On January 16, 2018, the Family Court entered the 1/16/18 Order which resolved some, but not all of the issues from Mother's Post-Decree Motion.  The 1/16/18 Order denied Mother's request for an audit of Father's individual income tax returns and determined that the medical coverage provided by Father was inadequate, improper and unworkable for the benefit of Child in Hawaiʻi and further ordered Father "to provide medical and dental health care coverage . . . without there being any required deductible to be paid first by [Mother] and/or Minor."

On April 3, 2018, the Family Court entered the 4/3/18 Order, resolving the remainder of the issues from Mother's Post-Decree Motion and ordering, *inter alia*, that Father is responsible for the deductibles on Child's medical insurance and for out-of-pocket costs for medical, vision, or dental visits.

## II.  Discussion

### Mother's Request to Audit Father's Income

Mother contends the Family Court abused its discretion by failing to address Mother's allegations that Father's financial statements contained false and misleading information. Mother essentially argues that Father's representation of his financial situation is suspicious and the Family Court disregarded her evidence in denying her request for an audit.

"Generally, the family court possesses wide discretion in making its decisions and those decisions will not be set aside unless there is a manifest abuse of discretion." Kakinami v. Kakinami, 127 Hawaiʻi 126, 136, 276 P.3d 695, 705 (2012).

Mother has not provided the transcript of relevant proceedings.  See Bettencourt v. Bettencourt, 80 Hawaiʻi 225, 230, 909 P.2d 553, 558 (1995) ("The burden is upon appellant in an appeal to show error by reference to matters in the record, and he or she has the responsibility of providing an adequate transcript." (brackets and citation omitted)).  We are thus hampered in our review related to Mother's Post-Decree Motion.

To the extent that Mother argues the Family Court failed to address her concerns or disregarded her evidence relating to Father's finances, her argument is without merit. Based on our review of the record and the Family Court's 1/16/18 Order, the Family Court allowed Mother to enter all of her exhibits into evidence during the two evidentiary hearings on Mother's Post-Decree Motion.  In the 1/16/18 Order, the Family Court explained that Mother requested an audit of Father's individual income tax returns, and denied her request based on the evidence.  Mother essentially asks this Court to re-weigh the evidence. However, "[i]t is well-settled that an appellate court will not pass upon issues dependent upon the credibility of witnesses and the weight of evidence; this is the province of the trier of fact." Fisher v. Fisher, 111 Hawai'i 41, 46, 137 P.3d 355, 360 (2006) (citation omitted).

Therefore, Mother fails to show that the Family Court erred in denying her request for an audit of Father's finances.

### Mother's Request to Hold Father in Contempt

Mother contends the Family Court erred in denying her request for a contempt of court charge against Father because he violated the 1/16/18 Order by failing to meet with her "to resolve[] issues."

Father argues that this issue is not related to the 4/3/18 Order from which he contends Mother appeals.  However, given Mother's self-represented status and the arguments in her opening brief related to the Family Court's denial of her request for a contempt of court charge against Father, it can be fairly inferred that Mother seeks appellate review of any and all preliminary rulings that led up to the 4/3/18 Order, including the Order Denying Contempt of Court.  See State v. Graybeard, 93 Hawai'i 513, 516, 6 P.3d 385, 388 (App. 2000) (holding that, although the notice of appeal designated a nonexistent judgment, it could be fairly inferred the appeal was from the actual

5

judgment); see also Erum, 147 Hawai‘i at 372, 465 P.3d at 819 ("Hawai‘i courts should liberally construe the filings of pro se litigants.").  Thus, we address Mother's argument on the merits.

The 1/16/18 Order required Mother to meet with Father's counsel within seven days from the date of the order to "discuss an amicable child support amount for submission to the Court." On February 1, 2018, Mother filed the Motion for Contempt of Court, asserting that Father and his counsel failed to abide by the court's order to "meet up and settle up in 7 days."  On February 14, 2018, the Family Court entered the Order Denying Contempt of Court, denying Mother's motion without prejudice and noting that Mother failed to provide the factual basis for the requested relief in her motion, including "what efforts [Mother] and/or [Father] has attempted in order to comply with the Court's [1/16/18 Order]."

Mother fails to provide any cogent argument beyond her conclusory assertions of error.  Thus, this point of error is deemed waived under HRAP Rule 28(b)(7).[6]  State v. Vinuya, 96 Hawai‘i 472, 486, 32 P.3d 116, 130 (App. 2001).

### Child's Medical Deductible

Finally, Mother asserts that the Family Court failed to address Child's medical deductible in the amount of $4,000. Mother is incorrect.

As explained above, the 1/16/18 Order required Father to provide Child with medical and dental coverage without there being any required deductible to be paid first by Mother and/or Child.  The 4/3/18 Order also states that Father is responsible for the deductibles on the medical insurance and if there is an out-of-pocket cost for Child's medical, vision or dental visits, Child shall call Father about the cost and Father shall be responsible for said cost.

---

[6]  HRAP Rule 28(b)(7) states, in pertinent part, "Points not argued may be deemed waived."

Mother's argument that the Family Court failed to address Mother's concerns related to Child's medical deductible is without merit.

### III.  Conclusion

Based on the foregoing, the following orders entered by the Family Court of the First Circuit are affirmed:

(1) "Order Re: Evidentiary Hearing on Motion for an Order of the Court to Enforce Stipulations of Child Support Against the Plaintiff to Continue to Pay for the Child[']s Higher Education" entered on January 16, 2018;

(2) "Order Re: Defendant[']s Motion for Contempt of Court Charges Against Plaintiff's Non-Compliance of Court Orders" entered on February 14, 2018; and

(3) "Order" entered on April 3, 2018.

DATED:  Honolulu, Hawaiʻi, June 19, 2023.


On the briefs:

MS, Self-represented
Defendant-Appellant

Jared A. Washkowitz,
for Plaintiff-Appellee

/s/ Lisa M. Ginoza
Chief Judge

/s/ Karen T. Nakasone
Associate Judge

/s/ Sonja M.P. McCullen
Associate Judge